AO 93   (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*Blue Motorola cellphone XT2513V, Samsung*<br>*cellphone with cracked screen and Dell Chromebook*<br>*11 3180, Currently Stored at Miami Police*<br>*Department, 129 5ᵗʰ Ave NW, Miami, Oklahoma*<br>*74354*       )<br>)<br>)<br>)<br>)<br>) | Case No. **25-mJ-959-SH**<br><br>**FILED UNDER SEAL** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____Oklahoma_____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  _____November 20, 2025_____
*(not to exceed 14 days)*

☐ in the daytime, 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____Susan B. Huntsman_____
*(name)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box):
☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   11/6/25 at 9:16 am _____   _~~Sen E. Hunt~~_
*Judge's signature*

City and state:   _____Tulsa, Oklahoma_____   _____Susan B. Huntsman, U.S. Magistrate Judge_____
*Printed name and title*

AO 93   (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| **Case No.:** 25-MJ-959 | **Date and time warrant executed:** 11/6/2025 at 2:35 PM | **Copy of warrant and inventory left with:** Devices in Evidence |

**Inventory made in the presence of :**
 TFO Cody Norman

**Inventory of the property taken and name of any person(s) seized:**

Forensic extraction of electronically stored information from the devices seized from Gabriella VILLARREAL:

Motorola Moto G - 2025 (IMEI: 351211104325996).

Samsung Galaxy A14 5G (IMEI: 357973427222549).

A data extraction was unable to be completed on the Dell Chromebook Laptop.

---

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:   11/21/2025

_____
*Executing officer's signature*

Jacob A. Hamblett - Task Force Officer
*Printed name and title*

## ATTACHMENT A

### Property to be Searched

The properties to be searched are;

Device 1: a blue Motorola XT2513V with IMEI: 351211104325996, hereinafter referred to as "Device 1". Device 1 is pictured below. The Device is currently being held as evidence at the Miami Police Department, 129 5th Ave NW, Miami, Oklahoma 74354.

Device 2: a Samsung cellphone with a cracked screen, hereinafter referred to as "Device 2". Device 2 is pictured below. The device is currently being held as evidence at the Miami Police Department, 129 5th Ave NW, Miami, Oklahoma 74354.

Device 3: a Dell Chromebook 11 3180 laptop computer, hereinafter referred to as the "Device 3". Device 3 is pictured below. The device is currently being held as evidence at the Miami Police Department, 129 5th Ave NW, Miami, Oklahoma 74354.

This warrant authorizes the forensic examination of the Devices to identify the electronically stored information described in Attachment B.

Device 1



Device 2



Device 3



## ATTACHMENT B

### Particular Things to be Seized

All records on the Devices described in Attachment A that relate to Title 21 United States Code Sections 841(a)(1) and 841(b)(1)– possession of a controlled substance with the intent to distribute; Title 21 United States Code Section 846 – conspiracy to distribute methamphetamine; and Title 18 United States Code Section 1956 – Money Laundering, involving Gabriella Maxine VILLARREAL, including:

1. Records relating to communication with others as to the criminal offense(s) listed above, including incoming and outgoing voice messages; text messages; emails; multimedia messages; applications that serve to allow parties to communicate; all call logs; secondary phone number accounts, including those derived from Skype, Line 2, Google Voice, and other applications that can assign roaming phone numbers; and other Internet-based communication media;

2. Records relating to documentation or memorialization of the criminal offense(s) listed above, including voice memos, photographs, videos, and other audio and video media, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos, including device information, geotagging information, and information about the creation date of the audio and video media;

3. Records relating to the planning and execution of the criminal offense(s) above, including Internet activity, firewall logs, caches, browser history, and

cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

4. Application data relating to the criminal offense(s) above;

5. Lists of customers and related identifying information related to the criminal offenses listed above;

6. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions related to the criminal offenses listed above;

7. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information) related to the criminal offenses listed above; and

8. All bank records, checks, credit card bills, account information, and other financial records. Records relating to financial data, to include bank records, checks, credit card bills, account information, and other financial records, electronically stored records showing proof of residence, proof of storage unit use and/or rentals, additional properties owned or documents reflecting stash houses, real estate transaction documents, rental agreements or documents, as well as automotive sale or purchase or financing documents, electronically stored documents purporting to indicate income or salaries received reflecting employment, hours worked, wages earned, withholdings, W-2 and W-4 forms,

5

(blank or executed), state and federal tax returns or documents pertaining to the preparation thereof, electronically stored records showing secret clientele lists, business associates, and diversification of wealth, United States Currency, any other electronically stored tangible items evidencing the obtaining, transfer, secreting, and/or concealment of assets and/or money, electronically stored records, documents, receipts, and/or negotiable instruments which evidence the purchase of negotiable instruments and/or the structuring of currency transactions to avoid the filing of currency transactions reports and/or the laundering of monetary instruments, electronically stored documents evidencing fruits, instrumentalities, monies, records, and notations, associated with the crime(s) listed above.

9. Evidence of user attribution showing who used or owned the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history;

10. ~~All records and information related to the geolocation of the Device(s);~~ *SH*

11. All records and information related to the coordination, agreement, collaboration, and concerted effort of and with others to violate the criminal statutes listed above.

6

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

7